1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

MARIA CABALLERO,

               Plaintiff,

     v.

CAROLYN W. COLVIN,
Acting Commissioner of Social Security
Administration,

              Defendant.

Case No. ED CV 14-1266-SP

MEMORANDUM OPINION AND
ORDER

**I.**

**INTRODUCTION**

       On June 23, 2014, plaintiff Maria Caballero filed a complaint against defendant, the Commissioner of the Social Security Administration ("Commissioner"), seeking a review of a denial of disability insurance benefits ("DIB") and supplemental security income ("SSI"). Both plaintiff and defendant have consented to proceed for all purposes before the assigned Magistrate Judge pursuant to 28 U.S.C. § 636(c). The court deems the matter suitable for adjudication without oral argument.

1    Plaintiff presents one issue for decision: whether there is a conflict between

2  the testimony of the vocational expert ("VE") and the Dictionary of Occupational

3  Titles ("DOT"), such that the Administrative Law Judge ("ALJ") erred at step five

4  in relying on the VE's testimony.  Memorandum in Support of Plaintiff's

5  Complaint ("P. Mem.") at 3-7; Memorandum in Support of Defendant's Answer

6  ("D. Mem.") at 1-7.

7    Having carefully studied the parties' moving and opposing papers, the

8  Administrative Record ("AR"), and the decision of the ALJ, the court concludes

9  that, as detailed herein, the ALJ did not err at step five.  Consequently, the court

10  affirms the decision of the Commissioner denying benefits.

11                                      **II.**

12              **FACTUAL AND PROCEDURAL BACKGROUND**

13    Plaintiff, who was forty-four years old on the alleged disability onset date,

14  has a twelfth grade education.  AR at 25, 120, 130.  Plaintiff has past relevant

15  work experience as a child care attendant, which is considered an unskilled job.

16  *Id.* at 125, 166, 328-29.

17    On April 28, 2009, plaintiff filed applications for DIB and SSI, alleging that

18  she had been disabled since October 1, 2008 due to a heart attack and injured right

19  ankle.  *Id.* at 112, 116, 124.  The Commissioner denied plaintiff's application

20  initially and upon reconsideration, after which she filed a request for a hearing.  *Id.*

21  at 46-56.  Plaintiff, represented by counsel, appeared and testified at a hearing

22  before ALJ Mason D. Harrell Jr.  *Id.* at 21-41.  The ALJ denied plaintiff's claim

23  for benefits on April 13, 2011.  *Id.* at 11-17.

24    Plaintiff filed a complaint in this court.  *Id.* at 366.  On May 14, 2013, this

25  court reversed the Commissioner's decision and remanded the case to the

26  Commissioner with an order to "reconsider plaintiff's subjective complaints,"

27  appropriately crediting or rejecting them, prior to assessing plaintiff's residual

28  functional capacity ("RFC") and determining whether plaintiff can perform her

past relevant work or perform other jobs that existed in significant numbers in the national economy. *Id.* at 366-75.

The Appeals Council vacated the Commissioner's decision and remanded the case to an ALJ for another hearing and "any further action needed to complete the administrative record" prior to issuing a new decision. *Id.* at 383. On September 3, 2013, plaintiff, represented by counsel, appeared before ALJ Joseph D. Schloss. *Id.* at 337. The ALJ heard testimony from plaintiff and from Dr. Stephen Kaplan, a medical expert. *Id.* at 338-49. The ALJ continued the hearing to permit plaintiff time to submit additional medical evidence and fully develop the record prior to making a ruling. *Id.* at 349.

On March 10, 2014, plaintiff, represented by the same counsel, appeared at a supplemental hearing and again testified before the ALJ. *Id.* at 326, 331-34. The ALJ also heard testimony from Luis Mas, a vocational expert. *Id.* at 327-31. On March 24, 2014, the ALJ denied plaintiff's claims for benefits. *Id.* at 306-17.

Applying the well-known five-step sequential evaluation process, the ALJ found, at step one, that plaintiff had not engaged in substantial gainful activity since October 1, 2008, the alleged onset date. *Id*. at 309.

At step two, the ALJ found that plaintiff suffered from the following severe impairments: history of myocardial infarction; cardiomegaly; and fracture of the right ankle, status post open reduction and internal fixation (ORIF) surgery. *Id.* The ALJ found plaintiff's high blood pressure, history of being overweight, and anxiety disorder to be non-severe. *Id.*

At step three, the ALJ found that plaintiff's impairments, whether individually or in combination, did not meet or medically equal one of the listed impairments set forth in 20 C.F.R. part 404, Subpart P, Appendix 1 (the "Listings"). *Id.* at 310. The ALJ specifically analyzed plaintiff's impairments in light of 1.02, 1.06, 4.00, and the paragraph B and C criteria of listings under 12.00. *Id.*

3

1   The ALJ then assessed plaintiff's RFC,[1] and determined that she had the

2   RFC to perform a range of light work with the limitations that plaintiff could: lift

3   or carry 20 pounds occasionally and 10 pounds frequently; stand or walk for four

4   hours out of an eight-hour workday; and sit for six hours out of an eight-hour

5   workday. *Id.* at 310-11.

6       The ALJ found, at step four, that plaintiff could not perform her past

7   relevant work. *Id.* at 315.

8       At step five, the ALJ found there were additional jobs that existed in

9   significant numbers in the national economy that plaintiff could perform,

10  including small parts assembler, swatch clerk, and checker. *Id.* at 315-16.

11      Consequently, the ALJ concluded that plaintiff did not suffer from a

12  disability as defined by the Social Security Act ("SSA"). *Id*. at 317.

13      Plaintiff filed a request for review of the ALJ's decision, which was denied

14  by the Appeals Council.[2]  The ALJ's decision stands as the final decision of the

15  Commissioner.

16                              **III.**

17                      **STANDARD OF REVIEW**

18      This court is empowered to review decisions by the Commissioner to deny

19  benefits.  42 U.S.C. § 405(g).  The findings and decision of the Social Security

20  Administration must be upheld if they are free of legal error and supported by

21

22      [1]   Residual functional capacity is what a claimant can do despite existing
23  exertional and nonexertional limitations. *Cooper v. Sullivan*, 880 F.2d 1152,
    1155-56 nn.5-7 (9th Cir. 1989).  "Between steps three and four of the five-step
24  evaluation, the ALJ must proceed to an intermediate step in which the ALJ
25  assesses the claimant's residual functional capacity." *Massachi v. Astrue*, 486
    F.3d 1149, 1151 n.2 (9th Cir. 2007).
26

27      [2]   Although this does not appear in the Administrative Record, plaintiff
    asserts the Appeals Council denied review (P. Mem. at 2) and defendant does
28  not dispute this.

                              4

1  substantial evidence.  *Mayes v. Massanari*, 276 F.3d 453, 458-59 (9th Cir. 2001)

2  (as amended).  But if the court determines that the ALJ's findings are based on

3  legal error or are not supported by substantial evidence in the record, the court

4  may reject the findings and set aside the decision to deny benefits.  *Aukland v.*

5  *Massanari*, 257 F.3d 1033, 1035 (9th Cir. 2001); *Tonapetyan v. Halter*, 242 F.3d

6  1144, 1147 (9th Cir. 2001).

7      "Substantial evidence is more than a mere scintilla, but less than a

8  preponderance."  *Aukland*, 257 F.3d at 1035.  Substantial evidence is such

9  "relevant evidence which a reasonable person might accept as adequate to support

10  a conclusion."  *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998); *Mayes*, 276

11  F.3d at 459.  To determine whether substantial evidence supports the ALJ's

12  finding, the reviewing court must review the administrative record as a whole,

13  "weighing both the evidence that supports and the evidence that detracts from the

14  ALJ's conclusion."  *Mayes*, 276 F.3d at 459.  The ALJ's decision "'cannot be

15  affirmed simply by isolating a specific quantum of supporting evidence.'"

16  *Aukland*, 257 F.3d at 1035 (quoting *Sousa v. Callahan*, 143 F.3d 1240, 1243 (9th

17  Cir. 1998)).  If the evidence can reasonably support either affirming or reversing

18  the ALJ's decision, the reviewing court "'may not substitute its judgment for that

19  of the ALJ.'"  *Id.* (quoting *Matney v. Sullivan*, 981 F.2d 1016, 1018 (9th Cir.

20  1992)).

21                                    **IV.**

22                              **DISCUSSION**

23      Plaintiff argues the ALJ erred because he improperly relied on the testimony

24  of the VE, who identified jobs that exceeded plaintiff's RFC.  P. Mem. at 2-7.

25  Specifically, plaintiff alleges that the ALJ erred by failing to identify and explain

26  inconsistency between the VE's testimony and the DOT.  *Id.*

27      At step five, the burden shifts to the Commissioner to show that the

28  claimant retains the ability to perform other gainful activity.  *Lounsburry v.*

5

*Barnhart*, 468 F.3d 1111, 1114 (9th Cir. 2006).  To support a finding that a claimant is not disabled at step five, the Commissioner must provide evidence demonstrating that other work exists in significant numbers in the national economy that the claimant can perform, given his or her age, education, work experience, and RFC.  20 C.F.R. §§ 404.1512(f), 416.912(f).

ALJs routinely rely on the DOT "in evaluating whether the claimant is able to perform other work in the national economy."  *Terry v. Sullivan*, 903 F.2d 1273, 1276 (9th Cir. 1990) (citations omitted); *see also* 20 C.F.R. § 416.966(d)(1) (DOT is source of reliable job information).  The DOT is the rebuttable presumptive authority on job classifications.  *Johnson v. Shalala*, 60 F.3d 1428, 1435 (9th Cir. 1995).  An ALJ may not rely on a VE's testimony regarding the requirements of a particular job without first inquiring whether the testimony conflicts with the DOT, and if so, the reasons therefore.  *Massachi*, 486 F.3d at 1152-53 (citing Social Security Ruling ("SSR") 00-4p).[3]  But failure to so inquire can be deemed harmless error where there is no apparent conflict or the VE provides sufficient support to justify deviation from the DOT.  *Id.* at 1154 n.19.

In order for an ALJ to accept a VE's testimony that contradicts the DOT, the record must contain "'persuasive evidence to support the deviation.'" *Id.* at 1153 (quoting *Johnson*, 60 F.3d at 1435).  Evidence sufficient to permit such a deviation may be either specific findings of fact regarding the claimant's residual functionality, or inferences drawn from the context of the expert's testimony. *Light v. Soc. Sec. Admin.*, 119 F.3d 789, 793 (9th Cir. 1997) (citations omitted).

---

[3]  "The Commissioner issues Social Security Rulings to clarify the Act's implementing regulations and the agency's policies.  SSRs are binding on all components of the SSA.  SSRs do not have the force of law.  However, because they represent the Commissioner's interpretation of the agency's regulations, we give them some deference.  We will not defer to SSRs if they are inconsistent with the statute or regulations."  *Holohan v. Massanari*, 246 F.3d 1195, 1203 n.1 (9th Cir. 2001) (internal citations omitted).

1    Here, the ALJ, as required, asked the VE to ensure his testimony was

2  consistent with the DOT and to inform the ALJ should there be any deviation.  AR

3  at 328.  Although the ALJ fulfilled his initial obligation to inquire whether the

4  VE's testimony conflicted with the DOT, that was not the end of the ALJ's

5  obligations.  Where a VE wrongly testifies that there is no conflict, if "evidence

6  from a VE 'appears to conflict with the DOT,' SSR 00-4p requires further inquiry:

7  an ALJ must obtain 'a reasonable explanation for the apparent conflict.'"

8  *Overman v. Astrue*, 546 F.3d 456, 463 (7th Cir. 2008) (quoting SSR 00-4p).

9  Where the ALJ fails to obtain an explanation for and resolve an apparent conflict –

10  even where the VE did not identify the conflict – the ALJ errs.  *See Hernandez v.*

11  *Astrue*, 2011 WL 223595, at *2-5 (C.D. Cal. Jan. 21, 2011) (where VE incorrectly

12  testified there was no conflict between her testimony and DOT, ALJ erred in

13  relying on VE's testimony and failing to acknowledge or reconcile the conflict);

14  *Mkhitaryan v. Astrue*, 2010 WL 1752162, at *3 (C.D. Cal. Apr. 27, 2010)

15  ("Because the ALJ incorrectly adopted the VE's conclusion that there was no

16  apparent conflict, . . . the ALJ provided no explanation for the deviation" and

17  "therefore committed legal error warranting remand.").

18  **A.    Plaintiff's RFC Compared to the Definition of Light Work**

19    The ALJ found plaintiff's RFC limited to the range of light work that

20  requires lifting or carry 20 pounds occasionally, and 10 pounds frequently, and

21  involves no more than four hours standing and walking, or six hours sitting,

22  during any eight-hour workday.  AR at 310; P. Mem. at 3-4.  The ALJ relied on

23  the definition of light work in 20 C.F.R. §§ 404.1567(b) and 416.967(b) and SSR

24  83-10.  *Id.* at 311.  Plaintiff argues that under the definition in these regulations,

25  the jobs described by the VE are incompatible with plaintiff's ability to stand or

26  walk a maximum of four hours per workday.  P. Mem. at 4-7.

27

28

7

1    The federal regulations and Social Security policy define light work as

2    involving "lifting no more than 20 pounds at a time with frequent lifting or

3    carrying of objects weighing up to 10 pounds." 20 C.F.R. §§ 404.1567(b),

4    416.967(b); SSR 83-10.  The SSR notes the requirement of "a good deal of

5    walking or standing" is the characteristic that most often distinguishes light work

6    from sedentary work.  SSR 83-10.  According to the SSR, very few jobs involving

7    light work can be accomplished while in a seated position, and those that can be

8    generally require a greater exertion of force than sedentary work.  *Id.*  "[T]he full

9    range of light work requires standing or walking, off and on, for a total of

10   approximately 6 hours of an 8-hour workday," with the possibility of sitting

11   intermittently during the remaining two hours of the day.  *Id.*  Because plaintiff is

12   limited to standing or walking no more than four hours in an eight-hour workday,

13   she argues the ALJ erred in not restricting her to jobs with only a sedentary

14   exertional level.  P. Mem. at 5; *see* 20 C.F.R. §§ 404.1567(a), 416.967(a).  The

15   court disagrees.

16   The VE testified, and it is undisputed, that the three jobs identified by the

17   VE are "light work."  AR at 329-30; see DOT 706.684-022 (small parts

18   assembler); DOT 222.587-050 (swatch clerk); DOT 222.687-010 (checker I).

19   According to the ALJ's RFC determination, plaintiff is capable of performing only

20   "a range of light work," not the "full range."  AR at 310.  Nonetheless, the DOT

21   definition of light work under each of the vocations discussed by the VE does not

22   require performance of the "full range" of light work and does not conflict with

23   plaintiff's RFC.  The DOT defines "light work" for these positions as involving

24   the exertion of "up to 20 pounds of force occasionally"; or "up to 10 pounds

25   frequently"; or "a negligible amount of force constantly."  DOT 706.684-022,

26   222.587-050, 222.687-010.  The definition for these jobs goes on to state that

27   where the weight lifted is only negligible, the job is still light work when, in

28

8

1   addition, the employee is required to: (1) "walk[] or stand[] to a significant
2   degree"; (2) sit for the majority of the time while "pushing and/or pulling of arm
3   or leg controls"; or (3) "work at a production rate pace entailing the constant
4   pushing and/or pulling of materials." *Id.*  Thus, nothing in the DOT's description
5   of these positions requires standing or walking six hours in an eight-hour
6   workday.  On the contrary, it allows for jobs that involve mostly sitting.  Plaintiff's
7   RFC, which limits her to standing and walking for no more than four hours, fits
8   within this definition.

9   **B.    The ALJ Did Not Err at Step Five Because There Is No Actual or**
10          **Apparent Conflict Between the VE Testimony and the DOT**

11          After acknowledging that "a 50 year old individual with a twelfth grade
12   education . . . [who] is limited to a range of light work in that she can lift and carry
13   20 pounds occasionally, 10 pounds frequently, with no other postural limitations
14   except stand and walk would be limited to four hours out of an eight hour day, and
15   could sit for six hours out of an eight hour day," could not do plaintiff's past
16   relevant work as a child care attendant, the ALJ asked the VE whether there would
17   be other jobs for that individual.  AR at 329.  The VE indicated such an individual
18   could perform other "unskilled, light jobs in the economy," including small parts
19   assembly, swatch clerk, and checker I.  *Id.* at 329-30.

20          The hypothetical presented to the VE specifically and appropriately
21   included plaintiff's standing and walking limitation.  *Id.*  Once presented with an
22   accurate hypothetical based on an uncontested RFC, the VE is charged with
23   "translat[ing] factual scenarios into realistic job market probabilities."  *Sample v.*
24   *Schweiker*, 694 F.2d 639, 643-44 (9th Cir. 1982).  "The DOT lists maximum
25   requirements of occupations as generally performed, not the range of requirements
26   of a particular job as it is performed in specific settings."  SSR 00-4p.  An ALJ
27   may rely on the testimony of a VE "to provide more specific information about

28

1  jobs or occupations than the DOT." *Id*; *Massachi*, 486 F.3d at 1152-53; *Bayliss v.*
2  *Barnhart*, 427 F.3d 1211, 1218 (9th Cir. 2005) ("A VE's recognized expertise
3  provides the necessary foundation for his or her testimony. Thus, no additional
4  foundation is required."); SSR 00-4p. There is nothing in the DOT descriptions
5  of the jobs identified by the VE that conflicts with plaintiff's RFC.

6       The ALJ limited plaintiff to a range of light work, presented the VE with a
7  hypothetical that reflected plaintiff's age, educational level, relevant past work,
8  and RFC. There is no actual or apparent conflict between the DOT and plaintiff's
9  RFC. Therefore, at step five, the ALJ did not err in relying on the VE's testimony.

10  **V.**
11  **CONCLUSION**

12       IT IS THEREFORE ORDERED that Judgment shall be entered
13  AFFIRMING the decision of the Commissioner denying benefits, and dismissing
14  this action with prejudice.

15

16  DATED: September 29, 2015



17
18  SHERI PYM
    United States Magistrate Judge

19

20

21

22

23

24

25

26

27

28